# United States District Court

Southern District of New York

PLAINTIFF

LADY JOHN, INC.

V DEFENDANT AND THIRD PARTY PLAINTIFF

ONEBEACON AMERICAN INSURANCE COMPANY (s/h/a INTERNATIONAL MARINE UNDERWRITERS)

V THIRD PARTY DEFENDANT AND FOURTH PARTY PLAINTIFF

255 WATER STREET ASSOCIATES LLC

V FOURTH PARTY DEFENDANTS

EFI CONSTRUCTION LLC and GUMA CONSTRUCTION CORP.

**FOURTH PARTY SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 05 CV 6253

To: (Names and Addresses of Fourth Party Defendants)

EFI CONSTRUCTION LLC
68 Jay Street
Brooklyn, New York 11201

GUMA CONSTRUCTION CORP.
54 Pearl Street
Brooklyn, New York 11201

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this court upon

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| Frank P. Winston, Esq.<br>WILKOFSKY FRIEDMAN KAREL & CUMMINS<br>299 Broadway, Suite 1700<br>New York, New York 10007 | Thomas M. Rittweger, Esq.<br>NICOLETTI HORNIG CAMPISE & SWEENEY<br>Wall Street Plaza<br>88 Pine Street, Seventh Floor<br>New York, New York 10005-1081 |
| THIRD PARTY DEFENDANT AND FOURTH PARTY PLAINTIFF'S ATTORNEY (name and address)<br><br>Paul Kovner, Esq.<br>RUBIN, FIORELLA & FRIEDMAN LLP<br>292 Madison Avenue, 11th Floor<br>New York, New York 10017 ||

an answer to the fourth-party complaint which is herewith served upon you within 20 days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the fourth-party complaint. There is also served upon you herewith copies of the complaints of the plaintiff and the third-party plaintiff. You have the option of answering or not answering the plaintiff's complaint and/or the third-party plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, and (2) the fourth-party plaintiff is demanding judgment against you in favor of the original plaintiff and/or the third-party plaintiff under the circumstances describes in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claims of plaintiff and/or third-party plaintiff as well as to the claim of the fourth-party plaintiff.

J. MICHAEL McMAHON
CLERK

JUL 1 1 2006
DATE

*Marcos Quintero*
(BY) DEPUTY CLERK

Paul Kovner (PK-7448)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Third-Party Defendant/Fourth-Party Plaintiff
255 WATER STREET ASSOCIATES LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LADY JOHN, INC.,

                Plaintiff,

  - against –

INTERNATIONAL MARINE UNDERWRITERS,

                Defendant.
------------------------------------------------------------------------X
ONEBEACON AMERICAN INSURANCE COMPANY
(s/h/a INTERNATIONAL MARINE UNDERWRITERS),

                Third-Party Plaintiff,

  - against –

255 WATER STREET ASSOCIATES LLC,

                Third-Party Defendant.
------------------------------------------------------------------------X
255 WATER STREET ASSOCIATES LLC,

                Fourth-Party Plaintiff,

  - against –

EFI CONSTRUCTION LLC and GUMA
CONSTRUCTION CORP.,

                Fourth-Party Defendants.
------------------------------------------------------------------------X

Case No.: 05 CV 6255

**FOURTH-PARTY COMPLAINT**

**ECF CASE**

RECEIVED
JUL 11 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Third-Party Defendant/Fourth-Party Plaintiff 255 WATER STREET ASSOCIATES LLC ("255"), by its attorneys, Rubin, Fiorella & Friedman LLP, as and for its Fourth-Party Complaint, hereby alleges as follows:

## JURISDICTION

1. Plaintiff LADY JOHN, INC. ("LJI") is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 231 Front Street, Brooklyn, New York 11210 ("231 Front Street").

2. Defendant/Third-Party Plaintiff ONEBEACON AMERICAN INSURANCE COMPANY (s/h/a INTERNATIONAL MARINE UNDERWRITERS) ("ONEBEACON") is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, with a principal place of business located at One Beacon Street, Boston, Massachusetts 02108.

3. 255 is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 54 Pearl Street, Brooklyn, New York 11201.

4. Fourth-Party Defendant EFI CONSTRUCTION LLC ("EFI") is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 68 Jay Street, Brooklyn, New York 11201.

5. Fourth-Party Defendant GUMA CONSTRUCTION CORP. ("GUMA") is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 54 Pearl Street, Brooklyn, New York 11201.

6. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. The Court has jurisdiction over this action under 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties to this action and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

8. At all times hereinafter mentioned, LJI alleges to have been a garment manufacturer and to have owned a business property located at 231 Front Street.

9. Upon information and belief, on or about July 1, 2003, ONEBEACON issued an ocean marine open cargo policy of insurance to LJI under policy number C5JC 00458 (the "LJI policy"). LJI alleges that the LJI policy insured its business property and its contents located at 231 Front Street in an amount exceeding $1,200,000 per occurrence.

10. At all times hereinafter mentioned, 255, by itself, its agents, servants and/or employees, leased and/or rented portions of the premises located at 247 Water Street and/or at 255 Water Street, Brooklyn, New York (collectively, "247/255 Water Street").

11. At all times hereinafter mentioned, EFI was and still is an entity engaged in the business of construction and/or demolition contracting.

12. At all times hereinafter mentioned, EFI was a contractor in connection with certain construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

13. At all times hereinafter mentioned, EFI was a subcontractor in connection with certain construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

14. On or before February 18, 2004, EFI, by itself, its agents, servants and/or employees, was hired to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

15. On or before February 18, 2004, EFI, by itself, its agents, servants and/or employees, was hired, by 255, to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

16. On or before February 18, 2004, EFI, by itself, its agents, servants and/or employees, contracted to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

17. On or before February 18, 2004, an agreement was in effect, whereby EFI, by itself, its agents, servants and/or employees, was to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

18. On or before February 18, 2004, a written contract was in effect, whereby EFI, by itself, its agents, servants and/or employees, was to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

19. On or before February 18, 2004, a written contract was in effect between 255 and EFI, whereby EFI, by itself, its agents, servants and/or employees, was to

perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

20. On or before February 18, 2004, EFI, by itself, its agents, servants and/or employees, performed certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

21. At all times hereinafter mentioned, EFI, by itself, its agents, servants and/or employees, controlled the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

22. At all times hereinafter mentioned, EFI, by itself, its agents, servants and/or employees, managed the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

23. At all times hereinafter mentioned, EFI, by itself, its agents, servants and/or employees, supervised the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

24. At all times hereinafter mentioned, EFI, by itself, its agents, servants and/or employees, inspected the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

25. At all times hereinafter mentioned, GUMA was and still is an entity engaged in the business of construction and/or demolition contracting.

26. At all times hereinafter mentioned, GUMA was a contractor in connection with certain construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

27. At all times hereinafter mentioned, GUMA was a subcontractor in connection with certain construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

28. On or before February 18, 2004, GUMA, by itself, its agents, servants and/or employees, was hired to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

29. On or before February 18, 2004, GUMA, by itself, its agents, servants and/or employees, was hired, by 255, to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

30. On or before February 18, 2004, GUMA, by itself, its agents, servants and/or employees, contracted to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

31. On or before February 18, 2004, an agreement was in effect, whereby GUMA, by itself, its agents, servants and/or employees, was to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

32. On or before February 18, 2004, a written contract was in effect, whereby GUMA, by itself, its agents, servants and/or employees, was to perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

33. On or before February 18, 2004, a written contract was in effect between 255 and GUMA, whereby GUMA, by itself, its agents, servants and/or employees, was to

perform certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

34. On or before February 18, 2004, GUMA, by itself, its agents, servants and/or employees, performed certain construction, alteration, renovation, demolition, work, labor and/or other services at 247/255 Water Street.

35. At all times hereinafter mentioned, GUMA, by itself, its agents, servants and/or employees, controlled the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

36. At all times hereinafter mentioned, GUMA, by itself, its agents, servants and/or employees, managed the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

37. At all times hereinafter mentioned, GUMA, by itself, its agents, servants and/or employees, supervised the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

38. At all times hereinafter mentioned, GUMA, by itself, its agents, servants and/or employees, inspected the aforementioned construction, alteration, renovation, demolition, work, labor and/or other services being performed at 247/255 Water Street.

39. On or about February 18, 2004, a fire occurred at 247/255 Water Street.

40. LJI alleges that, as a result of the fire at 247/255 Water Street and the effects thereof, certain of its business property and contents located at 231 Front Street sustained damage in an amount of at least $867,091.40.

41. Upon information and belief, LJI submitted a claim under the LJI policy for the damages it allegedly sustained as a result of the fire at 247/255 Water Street.

42.    Upon information and belief, on or about November 23, 2004, ONEBEACON denied LJI's claim under the LJI policy.

43.    Upon information and belief, on or about June 15, 2005, LJI commenced an action against ONEBEACON by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York (Lady John, Inc. v. International Marine Underwriters, Index No. 602158/05) (the "Initial Action"). A copy of the original Summons and Complaint is annexed hereto as Exhibit "A."

44.    The Initial Action alleges, *inter alia*, that the LJI policy provides coverage to LJI for the damage it allegedly sustained as a result of the fire at 247/255 Water Street, and that ONEBEACON has wrongfully failed to pay the loss under the LJI policy. As a result of the alleged breach of contract, LJI alleges to have been damaged in an amount of at least $867,091.40.

45.    Upon information and belief, on or about July 7, 2005, ONEBEACON filed a petition to remove the Initial Action to the United States District Court for the Southern District of New York.

46.    Upon information and belief, on or about July 27, 2005, ONEBEACON filed an Answer to LJI's Complaint. ONEBEACON denies, *inter alia*, that the LJI policy provides coverage to LJI for the alleged damage it sustained as a result of the fire at 247/255 Water Street. A copy of the aforesaid Answer is annexed hereto as Exhibit "B."

47.    On or about September 21, 2005, ONEBEACON commenced a third party action against 255 by filing a Third Party Summons and Complaint in the United States District Court for the Southern District of New York (OneBeacon American Insurance Company (s/h/a International Marine Underwriters) v. 255 Water Street Associates LLC,

Case No. 05 CV 6253 (JGK)(FM)) (the "Third Party Action"). A copy of the Third Party Summons and Complaint is annexed hereto as Exhibit "C."

48. The Third Party Action alleges, *inter alia*, that, if the Court declares that LJI is entitled to insurance coverage for the damage to its business property and contents at 231 Front Street, then 255 is liable to ONEBEACON for negligence, and ONEBEACON is entitled to full indemnification from 255 for all amounts which ONEBEACON is found liable to LJI.

49. On or about December 20, 2005, 255 filed an Answer to ONEBEACON's Third-Party Complaint denying that, *inter alia*, if the Court declares that LJI is entitled to insurance coverage for the damage to its business property and contents at 231 Front Street, then 255 is liable to ONEBEACON for negligence, and ONEBEACON is entitled to full indemnification from 255 for all amounts which ONEBEACON is found liable to LJI. A copy of the Answer to the Third Party Summons and Complaint is annexed hereto as Exhibit "D."

## AS AND FOR A FIRST CAUSE OF ACTION

50. 255 repeats and realleges each and every allegation contained in paragraphs number "1" through "49," inclusive, as though fully set forth herein.

51. LJI has alleged that it was damaged as a result of the fire at 247/255 Water Street and the effects thereof (including smoke/soot), in an amount of at least $867,091.40.

52. ONEBEACON alleged that, if the Court declares that LJI is entitled to insurance coverage for the damage to its business property and contents at 231 Front Street, then 255 is liable to ONEBEACON for negligence in anticipation of subrogration,

and ONEBEACON is entitled to full indemnification from 255 for all amounts which ONEBEACON is found liable to LJI.

53. If LJI was caused to sustain damage at the time and place set forth in its Complaint, due to any culpability other than its own, such damages were sustained by reason of the primary and active carelessness, recklessness, negligence and/or affirmative acts of omission or commission and/or breach of contract and/or breach of warranty and/or breach of statute of the fourth-party defendant, EFI, and without any negligence or fault on the part of the fourth-party plaintiff, 255, contributing thereto.

54. By reason of the foregoing, and under principles of contribution and common-law indemnity, the fourth-party defendant, EFI, will be obligated to indemnify and reimburse the fourth-party plaintiff, 255, for any judgment recovered by reason of the occurrence set forth in the plaintiff's Complaint or, in the alternative, for such proportion of any judgment as the relative responsibilities may warrant, and the fourth-party plaintiff, 255, is entitled to judgment over and against the fourth-party defendant, EFI, for all or part of any verdict or judgment which may be recovered against the fourth-party plaintiff, 255, in this action.

55. As a result of the fourth-party defendant EFI's breach of its common law responsibilities, negligence and/or breach of contract and/or breach of warranty and/or breach of statute and/or gross negligence, the fourth-party plaintiff, 255, has incurred, and will continue to incur, liability for costs, disbursements and counsel fees in defending the plaintiff's lawsuit, and has incurred, and will continue to incur, other costs and expenses in connection therewith, and the fourth-party defendant, EFI, will be bound to indemnify

and reimburse the fourth-party plaintiff, 255, for any and all legal and other costs, disbursements and expenses.

56. Based upon the foregoing, fourth-party plaintiff, 255, is entitled to complete common law indemnity and/or contribution for all losses, damages, costs or expenses, including, but not limited to, judgments, attorneys' fees, court costs and the costs of appellate proceedings, from the fourth-party defendant, EFI.

## AS AND FOR A SECOND CAUSE OF ACTION

57. 255 repeats and realleges each and every allegation contained in paragraphs number "1" through "56," inclusive, as though fully set forth herein.

58. If LJI was caused to sustain damage at the time and place set forth in its Complaint, due to any culpability other than its own, such damages were sustained by reason of the primary and active carelessness, recklessness, negligence and/or affirmative acts of omission or commission and/or breach of contract and/or breach of warranty and/or breach of statute of the fourth-party defendant, GUMA, and without any negligence or fault on the part of the fourth-party plaintiff, 255, contributing thereto.

59. By reason of the foregoing, and under principles of contribution and common-law indemnity, the fourth-party defendant, GUMA, will be obligated to indemnify and reimburse the fourth-party plaintiff, 255, for any judgment recovered by reason of the occurrence set forth in the plaintiff's Complaint or, in the alternative, for such proportion of any judgment as the relative responsibilities may warrant, and the fourth-party plaintiff, 255, is entitled to judgment over and against the fourth-party defendant, GUMA, for all or part of any verdict or judgment which may be recovered against the fourth-party plaintiff, 255, in this action.

60. As a result of the fourth-party defendant GUMA's breach of its common law responsibilities, negligence and/or breach of contract and/or breach of warranty and/or breach of statute and/or gross negligence, the fourth-party plaintiff, 255, has incurred, and will continue to incur, liability for costs, disbursements and counsel fees in defending the plaintiff's lawsuit, and has incurred, and will continue to incur, other costs and expenses in connection therewith, and the fourth-party defendant, GUMA, will be bound to indemnify and reimburse the fourth-party plaintiff, 255, for any and all legal and other costs, disbursements and expenses.

61. Based upon the foregoing, fourth-party plaintiff, 255, is entitled to complete common law indemnity and/or contribution for all losses, damages, costs or expenses, including, but not limited to, judgments, attorneys' fees, court costs and the costs of appellate proceedings, from the fourth-party defendant, GUMA.

## AS AND FOR A THIRD CAUSE OF ACTION

62. 255 repeats and realleges each and every allegation contained in paragraphs number "1" through "61," inclusive, as though fully set forth herein.

63. ONEBEACON alleged that, if the Court declares that LJI is entitled to insurance coverage for the damage to its business property and contents at 231 Front Street, then 255 is liable to ONEBEACON for negligence, and ONEBEACON is entitled to full indemnification from 255 for all amounts which ONEBEACON is found liable to LJI.

64. If LJI was caused to sustain damage at the time and place set forth in its Complaint, due to any culpability other than its own, such damages were sustained by reason of the primary and active carelessness, recklessness, negligence and/or affirmative

acts of omission or commission and/or breach of contract and/or breach of warranty and/or breach of statute of the fourth-party defendant, EFI, and without any negligence or fault on the part of the fourth-party plaintiff, 255, contributing thereto.

65. By reason of the foregoing, and under principles of contribution and common-law indemnity, the fourth-party defendant, EFI, will be obligated to indemnify and reimburse the fourth-party plaintiff, 255, for any judgment recovered by reason of the occurrence set forth in the plaintiff's Complaint or, in the alternative, for such proportion of any judgment as the relative responsibilities may warrant, and the fourth-party plaintiff, 255, is entitled to judgment over and against the fourth-party defendant, EFI, for all or part of any verdict or judgment which may be recovered against the fourth-party plaintiff, 255, in this action.

66. As a result of the fourth-party defendant EFI's breach of its common law responsibilities, negligence and/or breach of contract and/or breach of warranty and/or breach of statute and/or gross negligence, the fourth-party plaintiff, 255, has incurred, and will continue to incur, liability for costs, disbursements and counsel fees in defending the plaintiff's lawsuit, and has incurred, and will continue to incur, other costs and expenses in connection therewith, and the fourth-party defendant, EFI, will be bound to indemnify and reimburse the fourth-party plaintiff, 255, for any and all legal and other costs, disbursements and expenses.

67. Based upon the foregoing, fourth-party plaintiff, 255, is entitled to complete common law indemnity and/or contribution for all losses, damages, costs or expenses, including, but not limited to, judgments, attorneys' fees, court costs and the costs of appellate proceedings, from the fourth-party defendant, EFI.

## AS AND FOR A FOURTH CAUSE OF ACTION

68. 255 repeats and realleges each and every allegation contained in paragraphs number "1" through "67," inclusive, as though fully set forth herein.

69. If LJI was caused to sustain damage at the time and place set forth in its Complaint, due to any culpability other than its own, such damages were sustained by reason of the primary and active carelessness, recklessness, negligence and/or affirmative acts of omission or commission and/or breach of contract and/or breach of warranty and/or breach of statute of the fourth-party defendant, GUMA, and without any negligence or fault on the part of the fourth-party plaintiff, 255, contributing thereto.

70. By reason of the foregoing, and under principles of contribution and common-law indemnity, the fourth-party defendant, GUMA, will be obligated to indemnify and reimburse the fourth-party plaintiff, 255, for any judgment recovered by reason of the occurrence set forth in the plaintiff's Complaint or, in the alternative, for such proportion of any judgment as the relative responsibilities may warrant, and the fourth-party plaintiff, 255, is entitled to judgment over and against the fourth-party defendant, GUMA, for all or part of any verdict or judgment which may be recovered against the fourth-party plaintiff, 255, in this action.

71. As a result of the fourth-party defendant GUMA's breach of its common law responsibilities, negligence and/or breach of contract and/or breach of warranty and/or breach of statute and/or gross negligence, the fourth-party plaintiff, 255, has incurred, and will continue to incur, liability for costs, disbursements and counsel fees in defending the plaintiff's lawsuit, and has incurred, and will continue to incur, other costs and expenses in connection therewith, and the fourth-party defendant, GUMA, will be

bound to indemnify and reimburse the fourth-party plaintiff, 255, for any and all legal and other costs, disbursements and expenses.

72. Based upon the foregoing, fourth-party plaintiff, 255, is entitled to complete common law indemnity and/or contribution for all losses, damages, costs or expenses, including, but not limited to, judgments, attorneys' fees, court costs and the costs of appellate proceedings, from the fourth-party defendant, GUMA.

## AS AND FOR A FIFTH CAUSE OF ACTION

73. 255 repeats and realleges each and every allegation contained in paragraphs number "1" through "72," inclusive, as though fully set forth herein.

74. That, although third-party defendant and fourth-party plaintiff, 255, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if third-party defendant and fourth-party plaintiff, 255, is found to be liable to the plaintiff and/or defendant and third-party plaintiff, and if complete indemnity is not granted in furtherance of the first and third causes of action hereinabove, then third-party defendant and fourth-party plaintiff is, nevertheless, entitled to contribution from fourth party defendant, EFI, in proportion to the relative degrees of wrongdoing as between third-party defendant and fourth-party plaintiff on the one part, and fourth-party defendant EFI on the other part.

75. That, by reason thereof, third-party defendant and fourth-party plaintiff, 255, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

## AS AND FOR A SIXTH CAUSE OF ACTION

76. 255 repeats and realleges each and every allegation contained in paragraphs number "1" through "75," inclusive, as though fully set forth herein.

77. That, although third-party defendant and fourth-party plaintiff, 255, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if third-party defendant and fourth-party plaintiff, 255, is found to be liable to the plaintiff and/or defendant and third-party plaintiff, and if complete indemnity is not granted in furtherance of the second and fourth causes of action hereinabove, then third-party defendant and fourth-party plaintiff is, nevertheless, entitled to contribution from fourth party defendant, GUMA, in proportion to the relative degrees of wrongdoing as between third-party defendant and fourth-party plaintiff on the one part, and fourth-party defendant GUMA on the other part.

78. That, by reason thereof, third-party defendant and fourth-party plaintiff, 255, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

**WHEREFORE,** third-party defendant and fourth-party plaintiff, 255 WATER STREET ASSOCIATES LLC, requests the following relief:

1. Judgment against fourth-party defendants EFI CONSTRUCTION LLC and/or GUMA CONSTRUCTION CORP. in an amount that fully indemnifies 255 WATER STREET ASSOCIATES LLC for all amounts that it may be found liable to plaintiff LADY JOHN, INC. and/or defendant and third-party plaintiff ONEBEACON AMERICAN INSURANCE COMPANY (s/h/a INTERNATIONAL MARINE UNDERWRITERS);

    2.     The costs and disbursements of this action; and,

    3.     Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 7, 2006

                                        Yours, etc.

By: _____
Paul Kovner (PK-7448)
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Third-Party Defendant and
Fourth-Party Plaintiff
255 WATER STREET ASSOCIATES LLC
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

TO:    Frank P. Winston, Esq.
       WILKOFSKY FRIEDMAN KAREL & CUMMINS
       Attorneys for Plaintiff
       LADY JOHN, INC.
       299 Broadway, Suite 1700
       New York, New York 10007
       (212) 285-0510

       Thomas M. Rittweger, Esq.
       NICOLETTI HORNIG CAMPISE & SWEENEY
       Attorneys for Defendant/Third-Party Plaintiff
       ONEBEACON AMERICAN INSURANCE COMPANY
       (s/h/a INTERNATIONAL MARINE UNDERWRITERS)
       Wall Street Plaza
       88 Pine Street, Seventh Floor
       New York, New York 10005-1801
       (212) 220-3830

EFI CONSTRUCTION LLC
68 Jay Street
Brooklyn, New York 11201

GUMA CONSTRUCTION CORP.
54 Pearl Street
Brooklyn, New York 11201