UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LADY JOHN, INC.,

                      Plaintiff,

    - against -

INTERNATIONAL MARINE UNDERWRITERS,

                      Defendant.

---

ONEBEACON AMERICAN INSURANCE COMPANY
s/h/a INTERNATIONAL MARINE
UNDERWRITERS,

        Third-Party Plaintiff,

    - against -

255 WATER STREET ASSOCIATES LLC,

        Third-Party Defendant.

---

255 WATER STREET ASSOCIATES LLC,

        Fourth-Party Plaintiff,

    - against -

EFI CONSTRUCTION LLC and GUMA
CONSTRUCTION CORP.,

        Fourth-Party Defendants.

---

05 Civ. 6253 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    Guma Construction Corporation ("Guma"), a fourth-party defendant in this insurance dispute, moves by Order to Show Cause to vacate a default against it. Fourth-party defendant EFI Construction LLC ("EFI") cross-moves to enter a default judgment against Guma. This unusual procedural posture is the

1

result of Guma's delay of over two years before appearing in this action, and the other parties' failure during that time to seek a default judgment against Guma.

I

The procedural history of this case is as follows.

On February 18, 2004, there was a fire at 247 Water Street in Brooklyn, NY. First-party plaintiff Lady John, Inc. ("Lady John"), a manufacturer and wholesaler of clothing apparel, submitted a claim to its insurer, OneBeacon American Insurance Company ("OneBeacon"), for damage to certain of its property located on the premises at 231 Front Street in Brooklyn as a result of the fire. OneBeacon refused to reimburse Lady John for its alleged damages because, according to OneBeacon, Lady John had not demonstrated that any of its property had been lost or damaged. Lady John brought this action against OneBeacon for breach of its insurance policy (the "Lady John litigation"). Lady John seeks to recover money damages for its alleged property damage from the fire.

OneBeacon removed this action to federal court and commenced a third-party action against 255 Water Street Associates, LLC ("255 Water Street"). 255 Water Street is the owner of the building at which the fire occurred. OneBeacon

alleges that 255 Water Street breached its duty to prevent and/or mitigate the fire.

255 Water Street, in turn, commenced a fourth-party action against EFI and Guma. The premise of the allegations is that EFI and Guma were performing construction work at the site of the fire around the time the fire occurred. 255 Water Street makes a host of claims against EFI and Guma, ranging from negligence to breach of contract.

By its own admission, Guma received a copy of the fourth-party complaint against it in August 2006. Guma did not file an answer nor did it take any direct steps to participate in the Lady John litigation. It did forward a copy of the complaint to its insurer, Burlington Insurance Company ("Burlington"). In October 2006, Burlington issued a disclaimer of coverage, and in December 2006, Burlington brought suit against Guma in state court seeking a declaratory judgment that it did not have to defend Guma in the Lady John litigation nor indemnify Guma for any liability attributed to it. Guma appeared in the declaratory judgment proceeding and moved for summary judgment. On March 13, 2008, the state court partially granted Guma's motion for summary judgment. The state court held that Burlington had an obligation to provide a defense for Guma in the Lady John litigation, but the court did not decide on summary judgment whether or to what extent Burlington would have

3

to indemnify Guma should Guma be found liable for any fire damage.

On September 9, 2008, Guma requested permission from this Court to file a late answer in the Lady John litigation. After being instructed by the Court that an unsworn letter could not serve as the basis to vacate a default, on September 23, 2008, Guma brought this motion to vacate the default by Order to Show Cause. Guma's motion is opposed by each of the other parties in this case - Lady John, OneBeacon,[1] 255 Water Street, and EFI. EFI has also filed a cross-motion to enter a default judgment against Guma.

On October 16, 2008, the Court heard argument on the motion to vacate default and the cross-motion. At argument, the Court raised the procedural issue that no default judgment had yet been entered in the case, and indeed none of the parties had ever sought to obtain a certificate of default against Guma. The Court instructed the parties to submit letter briefs addressing how this procedural issue affected Guma's motion to vacate the default and EFI's cross-motion to enter a default judgment against Guma.

On October 21, 2008, EFI submitted a letter brief in which it informed the Court that since the October 16 argument, Guma

---

[1] OneBeacon has made clear that its opposition is limited to the extent that Guma's participation would delay the Lady John litigation and thereby cause prejudice to OneBeacon through the potential accumulation of additional prejudgment interest.

4

had filed, but not yet served, an answer to the fourth-party complaint. The filing of an answer would preclude obtaining a certificate of default. EFI argues that the filing of the answer was untimely and improper. It requests the Court to strike Guma's answer, deny Guma's motion to vacate the default, and deny without prejudice EFI's cross-motion for a default judgment, with the result that once the answer has been stricken, EFI may obtain a certificate of default and renew its motion for a default judgment.

On October 23, 2008, Guma submitted a letter brief in which it acknowledged that it could find no legal authority for the procedural approach it had taken in this case – namely, moving to vacate a default that had never been entered. Guma requests the Court's permission to appear at this late stage of the litigation and to file an answer. Because both EFI's letter brief and the docket sheet reflect that Guma already filed an answer on October 17, 2008, (Docket No. 157), Guma's letter brief is best understood to request that the Court not strike the answer as untimely, and that the Court thereby preclude EFI from obtaining a certificate of default and pursuing a default judgment against Guma.

II

"The filing of a late answer is analogous to a motion to vacate a default." John v. Sotheby's, Inc., 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (citing Meehan v. Snow, 652 F.2d 274, 275-76 (2d Cir. 1981)). The Court of Appeals for the Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). These criteria are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Id. "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id. In this case, the criteria militate against allowing Guma's belated answer to stand.

Guma's delay in submitting an answer was plainly willful. Guma has had notice of the fourth-party complaint since August 2006, yet it made no attempt to appear in this case until September 2008. Guma argues that the two-year delay was not willful, because it forwarded the fourth-party complaint to its insurer, Burlington, immediately upon receipt, with the expectation that Burlington would provide it with a defense.

But Guma has had notice that Burlington was disclaiming coverage since October 2006, and that Burlington declined to provide a defense in this action. Indeed, in December 2006 Burlington brought a declaratory judgment action against Guma specifically to avoid providing Guma with a defense or indemnification, and Guma defended itself in that suit. Thus, Guma cannot credibly argue that for the duration of the two-year delay it thought that Burlington was taking care of its defense, nor that it expected Burlington to do so.

Guma urges that because it defended the declaratory judgment action, any delay that resulted from Burlington's disclaimer and the declaratory judgment action cannot be imputed to Guma. This amounts to an argument that litigating issues of defense and indemnification with its own insurance company in a separate declaratory judgment action somehow fulfilled Guma's obligation to answer and defend its interests in the Lady John litigation.[2] This argument is completely without merit. Guma had no reason to believe that the Lady John litigation would stand still while it worked out an arrangement with its insurer; indeed, there was no reason to believe that Guma's arrangement or lack thereof with its insurer would have any effect on the Lady John litigation at all. Engaging in separate litigation

---

[2] It should be noted that Guma did not initiate even the declaratory judgment action; Burlington initiated the action.

7

with its insurer did not constitute an appearance by Guma in the Lady John litigation.

To support its argument, Guma cites Holland v. James, No. 05 Civ. 5346, 2008 WL 3884354 (S.D.N.Y. Aug. 21, 2008), in which a defendant Correction Captain was permitted to vacate a default entered against him where he had requested legal assistance through the Legal Division of the New York City Department of Correction and had not followed up on his application until he heard back approximately two years later. But Holland is inapposite here, both because the relationship between a Correction employee and the Legal Division is not analogous to the relationship between a corporation and its insurer, and because in Holland, the defendant was never told that he was being refused representation – and indeed that was not the case – whereas Guma was explicitly informed that Burlington was refusing to provide a defense or indemnification.

In short, Guma made no effort to participate in the Lady John litigation for over two years, despite knowing that its insurer had not provided a defense and was not planning to do so, and despite having no reason to believe that the other parties in the litigation would wait for it to work out its conflict with its insurer. Therefore, Guma's delay was willful.

Guma's delay was also prejudicial to the other parties in the Lady John litigation. The litigation is at a late stage,

with discovery completed the Joint Pretrial Order having already been submitted. The other parties have argued persuasively that they have prepared their trial strategies under the assumption that Guma would not be a party. This was a fair assumption in light of Guma's two-year-long silence. Guma essentially ignores this consideration, arguing that because it is willing to accept the discovery that has transpired thus far and to proceed to trial on the date set by the Court, the other parties would not be prejudiced by Guma's participation. This argument fails to take into account the need for the other parties to conduct discovery with respect to Guma, and that to begin this process on the eve of trial would cause a prejudicial delay. It is not sufficient to point out, as Guma does, that the parties could have conducted non-party discovery with respect to Guma before Guma appeared in the Lady John litigation. Plainly the significance of Guma would be far greater, and the motivation to conduct discovery correspondingly so, were Guma suddenly to become a party at trial.

At this stage it is not yet clear whether Guma has presented a meritorious defense. Certainly, however, the brief discussion of the merits by Guma in its papers does not provide sufficient indication of a meritorious defense to outweigh the willfulness and prejudice factors, which overwhelmingly favor striking Guma's late answer and enabling the other parties to

seek a certificate of default and ultimately a default judgment against Guma.

## CONCLUSION

For the reasons explained above, Guma's motion to vacate the default is **denied**. Guma's answer to the fourth-party complaint is **stricken**. EFI's cross-motion for a default judgment against Guma is **denied without prejudice to renewal** upon obtaining a certificate of default. The Clerk is directed to close Docket Nos. 131 and 138, and to strike Docket No. 157.

SO ORDERED.

Dated:   New York, New York
         December 11, 2008

John G. Koeltl
United States District Judge